OPINION
{¶ 1} Appellant, John E. Yarabenetz, appeals from the May 11, 2005 judgment entry of the Trumbull County Court of Common Pleas, in which he was labeled a sexual predator.
 {¶ 2} On October 8, 1996, appellant was indicted by the Trumbull County Grand Jury on three counts of gross sexual imposition, felonies of the third degree, in violation of R.C.2907.05(A)(4); and four counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b)(2). On November 14, 1996, the trial court accepted appellant's written plea of guilty to the foregoing counts of gross sexual imposition and rape against three boys under the ages of thirteen.[1]
 {¶ 3} Pursuant to its November 18, 1996 judgment entry, the trial court sentenced appellant to seven to twenty-five years on counts two, three, and four, rape, to run concurrently to each other; six to twenty-five years on count five, rape, to run consecutively to counts two, three, and four; and one year each on counts one, six, and seven, gross sexual imposition, to run concurrently to each other and concurrently to counts two, three, four, and five.
 {¶ 4} Pursuant to a recommendation by the Ohio Department of Corrections that appellant be declared a sexual predator, a sexual predator hearing was held on May 9, 2005.[2] At that hearing, appellee indicated that appellant was sixty-five years old at the time of the investigation and the ages of the victims were all teenagers or younger. Some of the actions were sexual, and some involved drugs, alcohol, and cigarettes, as well as pornographic movies and magazines. Appellant was recommended in prison for a sex offender program which he declined to take. Additionally, appellee recommended that appellant be labeled a sexual predator and stated the following at the hearing:
 {¶ 5} "[t]he sexual conduct was mainly oral sex both ways and anal sex. There were no threats of cruelty. The Hocking Prison did a screening and recommended overall predator status that he was a medium high risk.
 {¶ 6} "Victim Number 1, was ten years old at the time that [appellant] first offended against him, he felt his penis and showed him pornography. When this same boy was 11 years old, there was oral sex both ways, anal sex both ways, which occurred over 10 times. He also made him perform fellatio with other boys.
 {¶ 7} "Victim Number 2, involved oral sex both ways, and he made Number 1 and Number 2 perform oral and anal sex on each other.
 {¶ 8} "Victim Number 3, [appellant] performed oral on him and fondled him and there were multiple reports of [pornographic] videos and cigarettes and alcohol."
 {¶ 9} Appellant's counsel stated that appellant should be classified as a sexually oriented offender rather than a sexual predator. Counsel for appellant did not believe that there was enough evidence to classify appellant as a sexual predator. He stressed that due to appellant's age and deteriorating health, it would not be proper to classify him as a sexual predator.
 {¶ 10} The Static 99 risk assessment, according to David T. George, Ph.D. ("Dr. George"), psychology supervisor at the Hocking Correctional Facility, placed appellant in the medium/high category of recidivism for sex offenses.
 {¶ 11} According to the psychological report conducted by clinical and forensic psychologist Sandra B. McPherson, Ph.D. ("Dr. McPherson"), appellant, on actuarial schemes, would be classified as a moderate or medium risk potential. She indicated that appellant constitutes a twelve percent risk of recidivism in five years, fourteen percent in ten years, and nineteen percent in fifteen years. In her report, Dr. McPherson stated that "[t]here are factors which are found in [appellant's] many years of offending as well as in his own prior history of being a victim that raise rather [than] lower his potentials for recidivism. * * * [Appellant] indicates that his own sexual functioning has ended. Presuming him to be truthful in that regard, his age and testosterone production are not likely to allow a return to an active sexual life of any type * * *. * * * From the standpoint of his psychological profile and the dimensions of the acts and his sexual history, he would be designated a predator. From the standpoint of the protection of society, that level of categorization may not be necessary."
 {¶ 12} Pursuant to its May 11, 2005 judgment entry, the trial court found appellant to be a sexual predator. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 13} "[Appellant's] classification as a `sexual predator' is against the manifest weight of the evidence."
 {¶ 14} In his sole assignment of error, appellant contends that his classification as a sexual predator is against the manifest weight of the evidence. He stresses that the trial court's adjudication is against the manifest weight of the evidence because the record reveals that he is not likely to re-offend.
 {¶ 15} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 16} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3), including:
 {¶ 17} "(a) The offender's or delinquent child's age;
 {¶ 18} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 19} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 20} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 21} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 22} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 23} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 24} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 25} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 26} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 27} The foregoing statutory criteria are intended to aid the trial court, which must determine by clear and convincing evidence, whether an offender is likely to commit one or more sexually oriented offenses in the future. Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt.Cross v. Ledford (1954), 161 Ohio St. 469, 477. Clear and convincing evidence is evidence which "`produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Campbell (Dec. 22, 2000), 11th Dist. No. 99-L-012, 2000 Ohio App. LEXIS 6092, at 7, quotingCross, supra, at paragraph three of the syllabus. Thus, "* * * a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 28} The Supreme Court of Ohio has indicated that appellate courts use a manifest weight standard to review a trial court's finding that an offender is a sexual predator. State v. Cook
(1998), 83 Ohio St.3d 404, 426. Thus, if the trial court's finding that an offender is a sexual predator is supported by the weight of the evidence, then the court must also have had sufficient evidence before it to satisfy the requisite clear and convincing degree of proof. Therefore, when reviewing questions of weight, an appellate court must determine whether the state appropriately carried its burden of persuasion by engaging in a limited weighing of the evidence. State v. Davis (Dec. 31, 1998), 11th Dist. No. 97-L-246, 1998 Ohio App. LEXIS 6389, at 34.
 {¶ 29} In the instant matter, because appellant pleaded guilty to sexually oriented offenses, the first prong of R.C.2950.01(E)(1) has been met. Therefore, this court must determine the second prong of R.C. 2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 30} The trial court relied upon numerous factors under R.C. 2950.09(B)(3) in supporting its finding that appellant is a sexual predator and stated the following in its May 11, 2005 judgment entry:
 {¶ 31} "The Court finds that [appellant] has been convicted of committing * * * sexually oriented offense[s] as defined by [R.C.] 2950.01, and the Court has held a hearing, after giving proper notice to all parties, pursuant to [R.C.] 2950.09(B), to determine whether [appellant] should be adjudicated a sexual predator.
 {¶ 32} "* * *
 {¶ 33} "The Court has considered all of the factors contained in [R.C.] 2950.09(B)[3], as well as all of the evidence and arguments presented by the parties. The Court finds that [appellant] was approximately 65 years old at the time of the offenses. There were multiple victims who were all minors at the time of the offenses. Drugs and alcohol were provided to the victims by [appellant]. The offenses included both oral and anal sex with the minor victims.
 {¶ 34} "A psychological evaluation conducted at the prison indicated that [appellant] was a `medium to high risk' of reoffending. An evaluation done for the [d]efense by Dr. Sandra McPherson stated that `from the standpoint of his psychological profile and the dimensions of the acts and his sexual history, he would be designated a predator.' She felt that due to his age, predator classification may not be necessary. However, because the offenses for which he was convicted included [appellant] both giving and receiving fellatio and anal sex, age would not prevent him from engaging in those acts."
 {¶ 35} The evidence presented at the sexual predator hearing, as well as the trial court's foregoing analysis regarding the applicable R.C. 2950.09(B)(3) factors, clearly establish that the trial court was presented with clear and convincing evidence that appellant is likely to re-offend sexually in the future. The trial court considered appellant's age as well as the young ages of the victims; the fact that multiple minor victims were involved; that drugs and alcohol were provided to the victims by appellant; that the offenses included both oral and anal sex with the minor victims; that because the offenses for which he was convicted included him both giving and receiving fellatio and anal sex, age would not prevent him from engaging in those acts; his medium to high risk to re-offend according to the Static 99 assessment and Dr. George's clinical opinion; and his moderate or medium risk potential based on Dr. McPherson's report. Thus, based on the foregoing factors, the trial court properly labeled appellant as a sexual predator.
 {¶ 36} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] The offenses included, inter alia, fondling the boys, receiving and giving oral sex, receiving and giving anal sex, and directing two of the boys to have both oral and anal sex with each other.
[2] Neither appellant nor appellee, the state of Ohio, presented witnesses. However, both appellant and appellee made oral arguments and submitted expert reports.